IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

|  |  |
|---|---|
| ABEL HIDALGO,<br><br>      Petitioner,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>      Respondent. | Case No. CR-02-43-E-BLW<br>           CV-04-599-E-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

The Court has before it Petitioner's Motion pursuant to 28 U.S.C. § 2255 (Docket No. 41). The Court also has before it Petitioner's Motion for Cause Why Petitioner Should Not Be Dismissed as Untimely, Pursuant to 28 U.S.C. § 2255 (Docket No. 43), which Petitioner filed in response to the Court's Order to Show Cause why Petitioner should not be Dismissed as Untimely. For the reasons described below the Court will deny both motions.

## BACKGROUND

Petitioner, proceeding *pro se*, moved this Court, pursuant to 28 U.S.C. § 2255 to vacate, set aside, or correct the sentence that this Court imposed upon him on February 10, 2003. The Court entered an Order on March 2, 2005 notifying the Petitioner that his motion would be dismissed unless he showed

**Memorandum Decision and Order -- Page 1**

cause, within thirty days of the date of that Order, why his motion should not be dismissed as untimely. *See Herbst v. Cook*, 260 F.3d 1039 (9th Cir. 2001). The Court informed Petitioner that his petition would be dismissed unless he presented to the Court evidence that his motion was timely or that extraordinary circumstances beyond his control made it impossible for him to file his motion on time. *See Gaston v. Palmer*, 387 F.3d 1004, 1008 (9th Cir. 2004).

On March 21, 2005, Petitioner filed a document entitled Motion for Cause Why Petitioner Should Not Be Dismissed as Untimely, Pursuant to 28 U.S.C. § 2255. At the Court's request, the United States filed a brief in response to Petitioner's motion on June 15, 2005. Attached to the Government's brief was the affidavit of Assistant United States Attorney Jack B. Haycock.

## ANALYSIS

Motions filed pursuant to 28 U.S.C. § 2255 must be filed within one year of "the date on which the judgment of conviction becomes final." 28 U.S.C. § 2255. The Court entered its Judgment against Petitioner on February 10, 2003. On September 22, 2003, Petitioner filed a *pro se* Notice of Appeal in the Ninth Circuit. On November 24, 2003, the Ninth Circuit Court of Appeals entered an Order dismissing the appeal, stating that it lacked jurisdiction over the appeal because the notice of appeal was not filed within ten days of entry of judgment. Accordingly,

**Memorandum Decision and Order -- Page 2**

Petitioner's one-year period for filing a §2255 petition began running on February 20, 2003 (the date on which his conviction was entered plus the ten days permitted for filing the notification of intent to appeal), and expired on February 20, 2004. *See* Fed. R. App. P. 4(b)(1)(A); *see also Clay v. United States*, 537 U.S. 522, 525 (2003). Petitioner filed his 2255 motion on November 8, 2004, more than eight months after the one-year statute of limitations had expired. Thus, it is clear that Petitioner's 2255 motion was untimely.

Because Petitioner's 2255 motion was untimely, the Court will deny it unless Petitioner is entitled to equitable tolling, . "Equitable tolling will not be available in most cases, as extension of time will only be granted if 'extraordinary circumstances' beyond a prisoner's control make it impossible to file a petition on time." *Gaston v. Palmer*, 387 F.3d 1004, 1008 (9th Cir. 2004) (quoting *Calderon v. United States Dist. Ct. for the Centr. Dist of Cal.*, 128 F.3d 1283, 1288 (9th Cir. 1997), *overruled in part on other grounds, Calderon v. United States Dist. Ct. for the Centr. Dist of Cal.*, 163 F.3d 530 (9th Cir. 1998).[1] The threshold necessary to trigger equitable tolling is very high, and the petitioner bears the burden of showing that the exclusion should apply. *See Spitsyn b. Moore*, 345 F.3d 796, 799

---

[1] *Gaston* addressed a petitioner's motion pursuant to 28 U.S.C. § 2254, not § 2255. However, the Ninth Circuit has specifically held that equitable tolling applies to the time limitation in both § 2254 and § 2255. *See United States v. Battles*, 362 F.3d 1195, 1196-97 (9th Cir. 2004).

**Memorandum Decision and Order -- Page 3**

(9th Cir. 2003).

Petitioner contends that he was in administrative detention in the Special Housing Unit at the United States Penitentiary, Lompoc, California, when the time for filing his 2255 motion expired. Petitioner also claims that he is ignorant to the process of the law and has no formal education. Therefore, he contends, he could not timely file his petition because of extraordinary circumstances beyond his control.

In response to Petitioner's contention, AUSA Jack Haycock contacted Michael Hillebrand, the Inmate Systems Manager in the Records Office at the United States Penitentiary, Lompoc, California. Mr. Hillebrand confirmed that Petitioner was, in fact, held in administrative detention at the time his period for filing a 2255 motion expired. See Government's Affidavit in Support of Response to Petitioner's 28 U.S.C. § 2255 Motion, ¶2. Mr. Hillebrand also stated, however, that Petitioner's administrative detention did not preclude Petitioner from access to a small prison library, full mail privileges, the right to mail unlimited letters, five free postal stamps per month, and a minimum of one telephone call per month. Id., ¶3.

Courts have denied requests for equitable tolling based on similar, end even more compelling, circumstances than those presented by Petitioner in this case.

**Memorandum Decision and Order -- Page 4**

*See, e.g., Zhang v. United States*, 2002 WL 392295, *3 (S.D.N.Y.) (court denied motion for equitable tolling where the petitioner had limited knowledge of the English language and could not communicate with prison law clerks); *see also German v. United States*, 209 F.Supp.2d 288, 293 (S.D.N.Y. 2002) (holding that petitioner's inability to understand English and lack of a law library in Spanish are not extraordinary circumstances that support equitable tolling); *see also Zarvela v. Artuz*, 199 WL 1487595 (E.D.N.Y) (lack of access to law clerk, illiteracy, lack of English fluency and ignorance of the law are insufficient justification for equitable tolling), *rev'd on other grounds*, 254 F.3d 374 (2d Cir. 2001); *United States v. Ramsey*, 1999 WL 718079 (E.D.Pa.) (administrative lockdown may impede the petitioner's ability to use library, but court does not view lockdown as an extraordinary circumstance that prevents timely filing of writ).

Under the circumstances of this case, the Court finds that Petitioner has not met his burden of showing that extraordinary circumstances prevented him from filing a timely petition. Petitioner had access to a prison library, as well as mail and telephone privileges while in administrative detention. Moreover, Petitioner's ignorance of the law does not amount to extraordinary circumstances. Therefore, the Court will deny Petitioner's request to equitably toll the statute of limitations.

**ORDER**

**Memorandum Decision and Order -- Page 5**

In accordance with the Court's decision above,

NOW THEREFORE IT IS HEREBY ORDERED, that Petitioner's Motion for Cause Why Petitioner Should Not Be Dismissed as Untimely (Docket No. 43) be, and the same is hereby, DENIED.

IT IS FURTHER ORDERED, that Petitioner's Motion pursuant to 28 U.S.C. § 2255 (Docket No. 41) be, and the same is hereby, DENIED.

DATED: **July 27, 2005**

B. LYNN WINMILL
Chief Judge
United States District Court